## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ROBERT PADEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-10-1355-M |
| | ) | |
| BOARD OF THE COUNTY | ) | |
| COMMISSIONERS OF THE COUNTY | ) | |
| OF TEXAS; and | ) | |
| TED KEELING, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This case is scheduled for trial on the Court's March 2012 trial docket.

Before the Court is defendant Board of the County Commissioners of the County of Texas'

("County") Motion for Summary Judgment, filed January 3, 2012.  On January 24, 2012, plaintiff

filed his response, and on January 31, 2012, County filed its reply.  Based upon the parties'

submissions, the Court makes its determination.

I.      Introduction[1]

Plaintiff was an at-will employee for the District 1 of County who served solely at the

pleasure of the sitting District 1 Commissioner.  Defendant Ted Keeling ("Keeling") served as

plaintiff's foreman.  Keeling was later elected as commissioner in 2006.

Upon plaintiff's employment, plaintiff received a copy of the Employee Personnel Policy

Handbook for Texas County and signed an Acknowledgment Form.  County policy prohibits

employees from participating in campaigning or political activity during work hours.  County policy

also prohibits employees from fighting, obscene or abusive language, threatening language, and

---

[1]The facts in this introduction are set forth in the light most favorable to plaintiff.

insubordination.

On a few occasions, Keeling took informal corrective action against plaintiff by speaking with him about his behavior.  In 2008 or 2009, Keeling told plaintiff to refrain from using foul language in the office around the secretaries.  Plaintiff disputes that Keeling has ever enforced County's policy.

In 2008, plaintiff ceased seeing Keeling socially and decided that he and Keeling were no longer friends.  Plaintiff alleges that three to four months prior to Keeling's re-election, Keeling began to treat plaintiff differently.

In 2010, Keeling ran for re-election against party-opponent Ruth Teel ("Teel").  Plaintiff did not hold any official role in Teel's campaign, formally campaign for her, or display any of Teel's paraphernalia.  However, plaintiff alleges that he told friends and acquaintances to vote for Teel. Plaintiff further alleges that nine other employees supported Teel.

Based upon rumors, plaintiff told people that if Keeling won, he would terminate six or seven people in District 1.  Keeling heard rumors that the election was being discussed among employees during the day.  During a regularly scheduled morning meeting, Keeling told employees that they were entitled to vote however they wanted, but it was a violation of County policy to talk about it at work.  Purportedly, during the meeting, Keeling accused plaintiff and others of campaigning for his opponent.

According to plaintiff, after the election, Keeling referred to plaintiff as a "f-ing liar" and/or said it was an "f-ing lie" in regards to plaintiff's assertion that plaintiff reported his equipment needed maintenance.  However, prior to the 2010 campaign, Keeling also accused plaintiff of lying about an incident where plaintiff reported road damage by a private bulldozer.

2

II.    Standard

"Summary judgment is appropriate if the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  The moving party is entitled to summary judgment where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party.  When applying this standard, [the Court] examines the record and reasonable inferences drawn therefrom in the light most favorable to the non-moving party."  *19 Solid Waste Dep't Mechs. v. City of Albuquerque*, 156 F.3d 1068, 1071-72 (10th Cir. 1998) (internal citations and quotations omitted).

"Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Furthermore, the non-movant has a burden of doing more than simply showing there is some metaphysical doubt as to the material facts.  Rather, the relevant inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  *Neustrom v. Union Pac. R.R. Co.*, 156 F.3d 1057, 1066 (10th Cir. 1998) (internal citations and quotations omitted).

III.    Discussion

County moves for summary judgment on the grounds that plaintiff has not established a County policy or procedure which resulted in the alleged violation of plaintiff's rights.  Plaintiff contends that his claims are based upon Keeling's actions in his official capacity rather than a theory of respondeat superior.

The Supreme Court has "conclude[d] that a municipality cannot be held liable *solely* because it employs a tortfeasor-or, in other words, a municipality cannot be held liable under § 1983 on a

3

*respondeat superior* theory." *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691 (1978) (emphasis in original). "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id.* at 694-95.

"Official policy may take the form of 'formal rules or understandings' or, alternatively, a decision  by a municipal officer who is 'responsible for establishing final policy with respect to the subject matter in question.'" *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1221-22 (10th Cir. 2011) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480, 483 (1986)). "[T]he identification of policymaking officials is a question of state law." *City of St. Louis v. Praprotnik*, 485 U.S. 112, 124 (1988).

Under Oklahoma law, the county commissioner has the power "[t]o develop minimum personnel policies for the county with the approval of all county elected officers." Okla. Stat. tit. 19, § 339(A)(9).  Pursuant to the Employee Personnel Policy Handbook, Texas County, "[e]mployees serve at the pleasure of the elected official."  Plaintiff's Response and Objections to the Motion for Summary Judgment of County [docket no. 31], Ex. 15, at p. 5.

Having carefully reviewed the parties' submissions, and viewing the evidence in the light most favorable to plaintiff and viewing all reasonable inferences in plaintiff's favor, the Court finds that County is not entitled to summary judgment as a matter of law.  Here, plaintiff's claims against County are based upon Keeling's actions rather than a respondeat superior theory.  Specifically, based upon the evidence presented, a jury could find that County provided Keeling with the responsibility of establishing the final policy with respect to the termination of his employees.

4

Accordingly, the Court finds that County is not entitled to summary judgment against plaintiff.

IV.    Conclusion

Accordingly, the Court DENIES County's Motion for Summary Judgment [docket no. 22].

**IT IS SO ORDERED this 9th day of February, 2012.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE