IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROBERT PADEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-10-1355-M |
| ) | |
| BOARD OF THE COUNTY ) | |
| COMMISSIONERS OF THE COUNTY ) | |
| OF TEXAS; and ) | |
| TED KEELING, ) | |
| ) | |
| Defendants. ) | |

## ORDER

This case is scheduled for trial on the Court's March 2012 trial docket.

Before the Court is defendant Ted Keeling's ("Keeling") Motion for Summary Judgment, filed January 3, 2012. On January 24, 2012, plaintiff filed his response, and on January 31, 2012, Keeling filed his reply. Based upon the parties' submissions, the Court makes its determination.

I.   Introduction[1]

Plaintiff was an at-will employee for the District 1 of the defendant Texas County Board of County Commissioners ("County"). Keeling served as plaintiff's foreman. Keeling was later elected as commissioner in 2006.

Upon plaintiff's employment, plaintiff received a copy of the Employee Personnel Policy Handbook for Texas County and signed an Acknowledgment Form. County policy prohibits employees from participating in campaigning or political activity during work hours. County policy also prohibits employees from fighting, obscene or abusive language, threatening language, and insubordination.

---

[1] The facts in this introduction are set forth in the light most favorable to plaintiff.

On a few occasions, Keeling took informal corrective action against plaintiff by speaking with him about his behavior. In 2008 or 2009, Keeling told plaintiff to refrain from using foul language in the office around the secretaries. Plaintiff disputes that Keeling has ever enforced County's policy.

In 2008, plaintiff ceased seeing Keeling socially and decided that he and Keeling were no longer friends. Plaintiff alleges that three to four months prior to Keeling's re-election, Keeling began to treat plaintiff differently.

In 2010, Keeling ran for re-election against party-opponent Ruth Teel ("Teel"). Plaintiff did not hold any official role in Teel's campaign, formally campaign for her, or display any of Teel's paraphernalia. However, plaintiff alleges that he told friends and acquaintances to vote for Teel. Plaintiff further alleges that nine other employees supported Teel.

Based upon rumors, plaintiff told people that if Keeling won, he would terminate six or seven people in District 1. Keeling heard rumors that the election was being discussed among employees during the day. During a regularly scheduled morning meeting, Keeling told employees that they were entitled to vote however they wanted, but it was a violation of County policy to talk about it at work. Purportedly, during the meeting, Keeling accused plaintiff and others of campaigning for his opponent.

According to plaintiff, after the election, Keeling referred to plaintiff as a "f-ing liar" and/or said it was an "f-ing lie" in regards to plaintiff's assertion that plaintiff reported his equipment needed maintenance. However, prior to the 2010 campaign, Keeling also accused plaintiff of lying about an incident where plaintiff reported road damage by a private bulldozer.

II.     Standard

"Summary judgment is appropriate if the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The moving party is entitled to summary judgment where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. When applying this standard, [the Court] examines the record and reasonable inferences drawn therefrom in the light most favorable to the non-moving party." *19 Solid Waste Dep't Mechs. v. City of Albuquerque*, 156 F.3d 1068, 1071-72 (10th Cir. 1998) (internal citations and quotations omitted).

"Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Furthermore, the non-movant has a burden of doing more than simply showing there is some metaphysical doubt as to the material facts. Rather, the relevant inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Neustrom v. Union Pac. R.R. Co.*, 156 F.3d 1057, 1066 (10th Cir. 1998) (internal citations and quotations omitted).

III.    Discussion

Keeling asserts that he is entitled to summary judgment as to plaintiff's 42 U.S.C. § 1983 claims.

Section 1983 provides that every person who acts under the color of state law to deprive another of constitutional rights shall be liable in a suit for damages. *Tower v. Glover*, 467 U.S. 914, 919 (1984) (citing 42 U.S.C. §1983). "Section 1983 is not itself a source of substantive rights, but merely provides a method for vidincating rights elsewhere conferred. The first step in any such

claim is to identify the specific constitutional right allegedly infringed." *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

    A.    <u>§ 1983 Claim for Freedom of Speech Violation</u>

> For a public employee to prevail on a First Amendment retaliation claim against her employer, the employee must prove: (1) the employee's speech involved a matter of public concern; (2) the employee's interest "in commenting upon matters of public concern" is greater than the interest of the public employer "in promoting the efficiency of the public services it performs through its employees"; and (3) the speech was a "substantial factor" or a "motivating factor" in the adverse employment decision.

*Ballard v. Muskogee Reg'l Med. Ctr.*, 238 F.3d 1250, 1252 (10th Cir. 2001) (internal citations omitted). "If the employee makes the required showing, the government employer may escape liability if it can show that it would have taken the same employment action in the absence of the protected speech." *Bass v. Richards*, 308 F.3d 1081, 1088 (10th Cir. 2002).

"Whether speech involves a matter of public concern and whether the employee's interest outweighs the employer's are questions of law for the court; whether speech was a substantial motivating factor and whether the employer would have made the same employment decision in the absence of the speech are questions of fact for the jury." *Id.* However, a court may grant summary judgment against an employee if there is insufficient evidence for a reasonable trier of fact to infer the speech was a substantial or motivating factor in the adverse employment decision. *See Rohrbough v. Univ. of Colo. Hosp. Auth.*, 596 F.3d 741, 750 (10th Cir. 2010).

In the case at bar, Keeling does not contend that plaintiff fails to satisfy the first two elements set forth in *Ballard*; Keeling asserts that plaintiff cannot establish his speech was a substantial or motivating factor behind his termination. *See* Keeling's Motion for Summary Judgment [docket no.

23] at p. 15.  Having carefully reviewed the parties' submissions, and viewing the evidence in the light most favorable to plaintiff and viewing all reasonable inferences in plaintiff's favor, the Court finds that there exist genuine issues of material fact as to whether plaintiff's speech was a substantial or motivating factor behind his termination.  Specifically, a rational jury could infer that plaintiff's speech was a substantial or motivating factor to plaintiff's termination because, according to plaintiff, Keeling accused plaintiff and others of campaigning for his opponent and saying "bad things about [Keeling] . . . ."  Plaintiff's Response and Objection to the Motion for Summary Judgment of Keeling [docket no. 32] at p. 5.  Moreover, plaintiff has presented evidence that, prior to plaintiff's termination, Keeling never took corrective action against other employees for use of profane language.

Furthermore, the Court finds that there exist a genuine issue of material fact as to whether Keeling would have terminated plaintiff in the absence of plaintiff's speech.  Here, a rational jury could infer that Keeling would not have terminated plaintiff in the absence of plaintiff's political speech because, as discussed above, Keeling never took corrective action against other employees for use of profane language.

Accordingly, the Court finds that Keeling is not entitled to summary judgment as to plaintiff's § 1983 claim for infringement upon freedom of speech.

B.      § 1983 Claim for Freedom of Association Violation

"The First Amendment protects public employees from discrimination based upon their political beliefs, affiliation, or non-affiliation unless their work requires political allegiance." *Mason v. Okla. Turnpike Auth.*, 115 F.3d 1442, 1451 (10th Cir.1997).  "An employee can establish a violation of his association rights if he demonstrates that '(1) political affiliation and/or beliefs

5

were substantial or motivating factors behind [his] dismissal; and (2) [his] position[ ] did not require political allegiance.'" *Bass*, 308 F.3d at 1090 (citing *Jantzen v. Hawkins*, 188 F.3d 1247, 1251 (10th Cir. 1999)).

Here, Keeling does not contend that plaintiff fails to satisfy the first element set forth in *Bass*; Keeling only asserts that plaintiff cannot establish his political association was a substantial or motivating factor behind his termination. *See* Keeling's Motion for Summary Judgment [docket no. 23] at p. 25. Having carefully reviewed the parties' submissions, and viewing the evidence in the light most favorable to plaintiff and viewing all reasonable inferences in plaintiff's favor, the Court finds that there exist genuine issues of material fact as to whether plaintiff's political association was a substantial or motivating factor behind his termination. Similar to the discussion set forth in Part III.A, a rational jury could infer that plaintiff's political association was a substantial or motivating factor to plaintiff's termination because, according to plaintiff, Keeling accused plaintiff and others of campaigning for his opponent and because Keeling never took corrective action against other employees for use of profane language prior to terminating plaintiff.

Accordingly, the Court finds that Keeling is not entitled to summary judgment as to plaintiff's § 1983 claim for infringement upon freedom of association.

    C.    <u>Qualified Immunity</u>

Keeling asserts that he is entitled to qualified immunity as to plaintiff's § 1983 claims. Plaintiff contends Keeling is not entitled to qualified immunity because: (1) Keeling infringed upon plaintiff's freedom of speech and association, and (2) Keeling knew or had reason to know that terminating plaintiff would violate said rights.

> [The Supreme Court] mandated a two-step sequence for resolving

> government officials' qualified immunity claims. First, a court must decide whether the facts that a plaintiff has alleged (see Fed. Rules Civ. Proc. 12(b)(6), (c)) or shown (see Rules 50, 56) make out a violation of a constitutional right. Second, if the plaintiff has satisfied this first step, the court must decide whether the right at issue was "clearly established" at the time of defendant's alleged misconduct. Qualified immunity is applicable unless the official's conduct violated a clearly established constitutional right.

*Pearson v. Callahan*, 555 U.S. 223, 232 (2009).

In the case at bar, the Court finds that qualified immunity is not applicable. First, in light of the Court's findings in Part III.A and B plaintiff has presented evidence to support a violation of his constitutional rights to free speech and freedom of association. Second, the cases cited in Part III.A and B, demonstrate that the right to free speech and freedom of association were clearly established at the time of Keeling's alleged misconduct. In fact, Keeling does not dispute that the rights to free speech and freedom of association were clearly established at the time of Keeling's alleged misconduct.

Accordingly, the Court finds that Keeling is not entitled to qualified immunity as to plaintiff's § 1983 claims.

IV.   Conclusion

For the reasons set forth above, the Court DENIES Keeling's Motion for Summary Judgment [docket no. 23].

**IT IS SO ORDERED this 9th day of February, 2012.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE